**288**     APPELLATE COURTS OF ILLINOIS.

VOL. 101.] German Ev. Luth. St. John's Congregation v. Schmidt.

## German Evangelical Lutheran St. John's Congregation of Harlem, etc. v. Wilhelmina Schmidt et al.

## Wilhelmina Schmidt v. St. John's Evangelical Lutheran Church et al.

1. CHANCERY PRACTICE—*Where the Conclusions of the Chancellor Will Not Be Disturbed.*—Where the court finds no sufficient reasons in the record for reversing the conclusions of the master and chancellor as to the questions in controversy, the decree will not be disturbed.

**Bill of Interpleader.**—Consolidated causes. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed in part, reversed in part, and remanded with directions.

This is an appeal from a decree dismissing the cross-bill of Wilhelmina Schmidt praying for an injunction restraining the German Evangelical Lutheran St. John's Congregation of Harlem from paying to Robert A. Childs, or to any one on his behalf, all or any part of a certain judgment recovered in the Circuit Court of Cook County in an action at law upon a certain note, and restraining the sheriff of Cook county from paying over to said Childs any sum collected under the execution issued in said cause, etc., said cross-bill praying further that the cross-complainant may, by the decree of the Circuit Court, be declared to be the lawful owner of said note; that the sheriff of Cook county may be ordered to pay over to her the proceeds thereof, and for other and further relief.

October 13, 1897, the original bill of complaint herein was filed by W. H. Tatge on behalf of the "St. John's Evangelical Lutheran Church at Harlem," against Wilhelmina Schmidt and Mina Carey. To that bill appellee Robert A. Childs was not a party at any time.

The original bill charges that on the 10th of September, 1895, one Andreas Christian Schmidt lent the complainant $2,500 and took its note therefor; that said Schmidt died testate January 20, 1896, and Wilhelmina Schmidt was appointed executrix; that on November 4, 1896, "the sum

of $125 for interest was paid to Wilhelmina Schmidt as such executrix, in the presence of Mina Carey, one of the defendants hereinafter named, and with her knowledge and consent; that this amount of interest was paid by means of a check, which check was indorsed in the name of Wilhelmina Schmidt by the said Mina Carey." That afterward the defendant Mina Carey claimed the note, demanded payment thereof, and threatened suit; and prays that Mina Carey and the said executrix, Wilhelmina Schmidt, may be compelled to interplead.

Defendant Mina Carey answered, denying that she is or claims to be legal holder of said note or has the same in her possession; that she was at one time owner and holder of a note made by the complainant; and denying that interest was paid with her consent or that she signed or indorsed the check therefor, and denying that the complainant is entitled to have the defendants interplead.

The 30th of December, 1898, Wilhelmina Schmidt filed her cross-bill charging that Andreas Christian Schmidt, before his death, " assigned, transferred and delivered this note for a good and valuable consideration to oratrix, Wilhelmina Schmidt, his wife." That the note had been " stolen from oratrix by one Mina Carey," who claimed it as her property. Charges further that Robert A. Childs had brought suit against the maker of said note and had recovered judgment thereon May 16, 1898, for $2,835.42, being the full amount of the note and interest, without any allowance for the payment of interest to cross-complainant Schmidt; that execution had issued on said judgment and had been levied on lands of the judgment debtor; and asked for an injunction against payment of the proceeds to the judgment creditor, Childs, and that said judgment be decreed to be for the use of cross-complainant and proceeds paid to her; she made the complainant, defendant Mina Carey, Robert A. Childs and James Pease, sheriff, cross-defendants. An injunction as asked was issued.

The complainant (the Lutheran Church) did not file any answer to this cross-bill, nor did it plead or demur thereto.

290    APPELLATE COURTS OF ILLINOIS.

VOL. 101.] German Ev. Luth. St. John's Congregation v. Schmidt.

The other defendants answered, denying that Andreas Christian Schmidt ever assigned the note to the cross-complainant, and charged that he gave the note to the defendant Mina Carey, and authorized her to indorse the same to herself, which was accordingly done; that thereafter said Mina Carey remained in possession thereof till she indorsed it to Robert A. Childs for collection; deny that the Lutheran Church paid interest on said note to Wilhelmina Schmidt, or that said Mina Carey indorsed a check for that purpose.

The cause having been referred to a master, the master reported that Wilhelmina Schmidt had failed to establish her ownership of the note. Upon hearing before the chancellor, additional evidence was heard. The court approved and confirmed the master's report; dismissed the bill of the St. John's Evangelical Lutheran Church, and also that of Wilhelmina Schmidt, for want of equity; allowed to Childs and Pease $304.50 as damages sustained by them in consequence of the wrongful suing out of said injunction, and for this and costs rendered a personal decree against Wilhelmina Schmidt, by whom the injunction was obtained.

VOCKE & HEALY and W. E. CAYLOR, attorneys for Wilhelmina Schmidt.

A. B. MELVILLE, attorney for German Evangelical Lutheran St. John's Church at Harlem, etc.

CHARLES HUDSON and CHILDS & HUDSON, attorneys for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

We find in the record no sufficient reason for reversing the conclusions of the master and chancellor as to the ownership of this note; substantially, the ownership of the note is the only thing in dispute; as to this the evidence sustains the conclusion of the court below.

The Evangelical Church is entitled to be allowed $125 paid by it for accrued interest on its note. Mina Carey knew of the payment of this interest, and save by her acqui-

escence the money could not have gone into the possession of Mrs. Schmidt.

The church has never disputed its obligation to pay the note. If when it filed its bill of interpleader it had brought the money into court and abstained from taking the side of or aiding either of the claimants, the court would doubtless have entered a decree of interpleader, and the church would have had nothing more to do with the controversy.

Instead of doing this it merely expressed a willingness to pay the money at any time; and manifestly took the side of Wilhelmina Schmidt.

Wilhelmina Schmidt asked to have the proceeds of the judgment awarded to her. The decree of the Circuit Court is therefore a complete bar to her claim against the church. The satisfaction of the judgment will discharge the liability of the original complainant upon the note, now merged in the judgment.

The decree of the Circuit Court will be reversed, with directions to modify its decree to the extent of the $125 interest paid, that sum to be deducted from the judgment, leaving it to stand $2,710.42 at the date thereof. In all other respects the decree of the Circuit Court is affirmed.

The Lutheran Church, as well as Mina Carey, will recover costs in this court; costs will be here taxed against Wilhelmina Schmidt.

Decree reversed in part and affirmed in part, and cause remanded to Circuit Court with directions to modify decree in accordance with this opinion.

Affirmed in part, reversed in part, and remanded with directions.